**Tony SUWANTO, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 05–2987–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Laura Fashing, Assistant United States Attorney, Albuquerque, New Mexico, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Tony Suwanto, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Patricia Rohan denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ denied Suwanto's asylum claim because he failed to prove that he had filed the application within one year of his entry into the United States or that changed circumstances, that materially affected his eligibility for asylum, excuse the late filing of his application. The plain language of 8

U.S.C. §§ 1158(a)(3) and 1252(a)(2)(D) limits jurisdiction of this court to the review of constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–52 (2d Cir.2006). Here, Suwanto challenges only the IJ's finding that he did not prove changed circumstances in Indonesia. Because Suwanto does not raise any constitutional claims or questions of law, this Court lacks jurisdiction over his asylum claim. *See id.* at 154.

The IJ denied Suwanto's application for withholding of removal because he failed to meet his burden of proof with respect to establishing that it would be more likely than not that he would be persecuted. Suwanto argues that he has a well-founded fear of persecution based on country conditions in Indonesia for Chinese Christians. The IJ referred generally to the background material in her decision, and while she did not provide specific citations to articles in the record supporting her conclusion, it is presumed that the IJ considered all of the evidence in the record. *See id.* at 159 n. 13. The background material does evidence tension between ethnic Chinese and native Indonesians, as well as some discrimination against Christians, but the documents do not compel a finding that it is more likely than not that Suwanto will be persecuted if he returns to Indonesia. Accordingly, the IJ's finding that Suwanto failed to meet his burden of proof regarding his withholding of removal claim is supported by substantial evidence.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, Suwanto's pending motion for a stay of removal in this petition is DENIED as moot.